UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| STEVE CASSON, | ) | |
| | ) | Case No. 1:16-CV-91 |
| *Plaintiff*, | ) | |
| | ) | Judge Travis R. McDonough |
| v. | ) | |
| | ) | Magistrate Judge Susan K. Lee |
| ERIC WATSON, | ) | |
| | ) | |
| *Defendant*. | ) | |

**MEMORANDUM AND ORDER**

Acting pro se, Steve Casson, an inmate confined in the Bradley County Justice Center, filed this civil rights complaint for damages under 42 U.S.C. § 1983 in the Middle District of Tennessee [Doc. 1]. The sole Defendant is Eric Watson, the Sheriff of Bradley County, Tennessee, who is sued in his official capacity. Because the Middle District granted Plaintiff's *in forma pauperis* application, assessed the filing fee, and then transferred his case to this Court based on venue considerations [Doc. 6], the Court turns first to the contentions advanced in the complaint [Doc. 1].

**I.  PLAINTIFF'S ALLEGATIONS**

Plaintiff states his claims as follows:

> "1) 12-2-15 to 1-30-16 The jail was overcroder (sic) with almost double its capac[i]ty.
>
> 2) The place was unsanitary, they never cleaned showers or bleach on anything.
>
> 3) Black mold was all over the place."

[Doc. 1 p. 5].

Plaintiff asserts that these jail conditions violate the Eighth Amendment because they subject him to the infliction of cruel and unusual punishment. For this alleged constitutional violation, Plaintiff requests one million, five hundred thousand dollars ($1,500,000.00) in damages, a reduction in the inmate population at the jail, and removal of the black mold at the jail [*Id.* at 6].

## II. SCREENING and LEGAL STANDARDS

The Court must review the complaint to determine whether it states a claim entitling Plaintiff to relief or is frivolous or malicious or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2) and § 1915A. If so, this suit must be dismissed. In performing this task, the Court bears in mind the rule that pro se pleadings filed in civil rights cases must be liberally construed and held to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

Still, the complaint must be sufficient "to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), which simply means that the factual content pled by a plaintiff must permit a court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). The "facial plausibility" standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me-accusation" and more than "legal conclusions" or "[t]hreadbare recitals of the elements of a cause of action." *Id.* The standard articulated in *Twombly* and *Iqbal* "governs dismissals for failure state a claim under [§§ 1915A(b)(1) and 1915(e)(2)(B)(ii)] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010).

In order to state a claim under 42 U.S.C. § 1983, Plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. *Black v. Barberton Citizens Hospital*, 134 F.3d 1265, 1267 (6th Cir. 1998); *O'Brien v. City of Grand Rapids*, 23 F.3d 990, 995 (6th Cir. 1994); *Russo v. City of Cincinnati*, 953 F.2d 1036, 1042 (6th Cir. 1992). *See also Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) ("Section 1983 does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere.").

The Court examines the claims under these guidelines.

## III. LAW and ANALYSIS

### A. Injunctive Relief

As noted, Plaintiff asks the Court to order a reduction in the number of inmates housed in the jail and removal of the black mold at the jail [*Id.*].

Following the filing of the complaint, Plaintiff notified the Court that he had been released from the jail [Doc. 4]. Clearly, correcting the conditions of which Plaintiff complains would provide him no benefit because he is no longer confined therein and does not indicate that he expects to be imprisoned there in the future. *See City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983) (noting that "[p]ast exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present adverse effects") (quoting *O'Shea v. Littleton*, 414 U.S. 488, 495-96 (1974)).

Because Plaintiff's release from confinement has mooted his asserted claims for injunctive relief from any untoward conditions in existence at that facility, all his claims for injunctive relief are **DENIED** as **MOOT**. *Wilson v. Yaklich*, 148 F.3d 596, 601 (6th Cir. 1998) (finding claims for injunctive relief moot because prisoner was no longer incarcerated at the

3

facility "where the events that form the basis for his allegations in this case took place"); *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996) (inmate's claims for injunctive relief rendered moot upon his transfer to a different facility).

### B. Monetary Relief

Plaintiff seeks damages from Defendant Sheriff in his official capacity. As the Sixth Circuit has noted, "[r]equests for damages, however, seek to compensate plaintiffs for past injuries." *Wilson*, 148 F.3d at 601 (citing *Carey v. Piphus*, 435 U.S. 247, 254–57 (1978). Here, there is no claim of injury, either physical or mental.

Furthermore, a suit against the Sheriff in his official capacity is treated as a suit against the governmental entity he represents, in this case, Bradley County, Tennessee (the "County"), because any judgment awarded would have to be paid by the County. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985); *Monell*, 436 U.S. at 690-91; *Accord, Leach v. Shelby Cnty. Sheriff*, 891 F.2d 1241, 1245 (6th Cir. 1989) ("A suit against an individual in 'his official capacity' has been held to be essentially a suit directly against the local government unit and can result in that unit's liability to respond to the injured party for his injuries."). Yet, the County cannot be held liable merely because it employs a tortfeasor. *Monell*, 436 U.S. at 691.

Instead, to succeed on a claim against the County, Plaintiff must show that he has suffered harm because of a constitutional violation and that a policy or custom of the entity caused the harm. *Id.*; *Soper v. Hoben*, 195 F.3d 845, 853-54 (6th Cir. 1999). Put simply, Plaintiff must "identify the policy, connect the policy to the [County] itself and show that the particular injury was incurred because of the execution of that policy." *Garner v. Memphis Police Dep't*, 8 F.3d 358, 363-64 (6th Cir. 1993) (citation omitted). Additionally, Plaintiff must

4

show that the County was itself a "moving force" behind the deprivation, so that its policy or custom played a part in the constitutional violation. *Graham*, 473 U.S. at 166.

Plaintiff does not maintain that any County policy or custom caused the constitutional violations alleged herein. *See Meyers v. City of Cincinnati*, 14 F.3d 1115, 1120 (6th Cir.1994) (noting that the policy requirement for municipal liability "is meant to distinguish those injuries for which the government as an entity is responsible under § 1983 from those injuries for which the government should not be held accountable") (internal citation and quotation marks omitted). Nor does he contend that he sustained any injury therefrom.

Since it is well settled that "[a] plaintiff raising a municipal liability claim under § 1983 must demonstrate that the alleged federal violation occurred because of a municipal policy or custom," *Burgess v. Fischer*, 735 F.3d 462, 478 (6th Cir. 2013), and since Plaintiff has not identified any policy, tied it to the County, or demonstrated how the policy led to any injury whatsoever, he has not alleged a claim for damages under the theory of municipal liability. *See Connick v. Thompson*, 563 U.S. 51, 131 S. Ct. 1350, 1359, 179 L. Ed. 2d 417 (2011) ("Plaintiffs who seek to impose liability on local governments under § 1983 must prove that 'action pursuant to official municipal policy' caused their injury.") (quoting *Monell*, 436 U.S. at 691).

Therefore, Plaintiff has failed to state a claim for damages against Defendant in his official capacity.

## IV. CONCLUSION

In light of the above law and analysis, this case will be **DISMISSED** sua sponte for failure to state a claim for relief. The Court finds that any amendment would be futile, *see Foman v. Davis*, 371 U.S. 178, 182 (1962), and will not offer Plaintiff an opportunity to amend

the pleading. *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) (finding that courts may allow a prisoner to amend even where his complaint is "subject to dismissal under the PLRA").

Finally, the Court has carefully reviewed this case pursuant to 28 U.S.C. § 1915(a) and hereby **CERTIFIES** that any appeal from this action would not be taken in good faith. 28 U.S.C. § 1915(a)(3). Therefore, should Plaintiff file a notice of appeal from this decision, he must also submit either: (a) the five hundred and five dollar ($505.00) appellate filing fee or (b) a motion for leave to appeal *in forma pauperis*.

**AN APPROPRIATE ORDER WILL ENTER**.

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**